UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:10-cv-61485

BANTA PROPERTIES, INC.,

  Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY,

  Defendant.
_____/

## Complaint

  Plaintiff, Banta Properties, Inc., (hereinafter "Banta") by and through its undersigned counsel and pursuant to 28 U.S.C. §1332 hereby sues the Defendant, Arch Specialty Insurance Company (hereinafter "Arch") for breach of contract and for declaratory relief.  In support of the Complaint, Plaintiff alleges the following:

## General Allegations

  1. This is an action for damages in excess of $75,000 exclusive of interest, costs and attorneys' fees.

  2. Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees, and there is complete diversity of citizenship between the parties.

  3. At all times material hereto, Banta was and is a property management company organized and existing under the laws of the State of

Florida, and was authorized to do, and is doing business in Broward County, Florida.  Banta is the manager of several multiple-building apartment complexes located in Broward County, Florida.  These units are grouped into three communities, Colonial Park, Westwood and Parkcrest.

4. At all times material hereto, Arch was and is a foreign corporation and surplus lines insurance carrier providing insurance in Broward County, Florida.

5. Arch issued Insurance Policy No. ESP 0005727-00 which provided excess property insurance coverage policy to Banta for the twelve (12) month period commencing April 7, 2005 through and including April 7, 2006. True and correct copies of the declaration page and insurance policy (hereinafter the "Insurance Contract") are attached hereto as Composite Exhibit "A."

6. The intent and purpose of the Insurance Contract was to provide property insurance coverage, including, but not limited to, coverage for named windstorms to its named insured, Banta, for direct physical loss to the property.

7. On or about October 24, 2005, Hurricane Wilma struck Broward County, Florida.  The apartments managed by Banta sustained significant wind and water damages to their roofs, exterior and interior property as a result of Hurricane Wilma.  Banta made a claim against its primary insurance carrier General Star, which subsequently tendered policy limits.  Banta then timely reported its claim for excess damages caused by Hurricane Wilma to Arch.

8. According to estimates obtained by Banta, the properties under Banta's management sustained damages in excess of $10.0 million as a result of

Hurricane Wilma. Following Hurricane Wilma, Arch inspected the damages to Banta's property, but has failed to make a coverage determination nor has it advanced any insurance proceeds or otherwise paid the claim. Arch has therefore failed promptly to investigate, pay and/or settle Banta's claim for covered hurricane damages.

9. Arch has received a copy of the Insured's sworn proof of loss and failed to adjust the claim timely. Arch has sent a series of communications designed to derail the adjusting process by failing to identify the documents they require to adjust the claim. Arch had claimed that it required access to the underlying insurer's files to adjust the claim and now, having received this access over one year ago has done nothing. Arch continues to send the same laundry list document request and has received literally thousands of pages of documents but has failed to issue a coverage decision. Further, Arch merely asserts a generic "reservation of rights" in its denial letters.

10. In June of 2010, Banta served a Civil Remedy Notice on Arch for delay in handling Banta's claims. Arch waited 60 days, the very last day under the statute and then sent a letter stating that they wished to continue the EUO over 60 days later at the end of October further delaying the proper adjustment of this claim.

11. Arch has played the old "song and dance" of asking for more and more documents (asking for reams of support much of which is completely unrelated to Banta's claims) and then claimed it cannot process the information within a reasonable time because of the sheer volume of support Banta has

provided. Most infuriating is Arch continues to withhold even a basic coverage determination in light of this substantial support.

12. Arch was obligated to make a coverage determination within a reasonable time of receiving the proof of loss. It has not done so and, as a result, has breached the agreement.

13. Venue lies in the Southern District of Florida because, among other things, the subject Insurance Contract was entered into and provides insurance coverage property in Broward County, Florida.

14. All conditions precedent to the filing of this action have occurred and/or have been waived.

## Count I - Declaratory Judgment

15. Banta realleges and reavers the allegations contained in paragraphs 1 through 14 inclusive, with the same force and effect as if fully rewritten herein.

16. This is an action by Banta against Arch for a declaratory judgment that the Insurance Contract is valid and enforceable and that pursuant to the terms and conditions of the Insurance Contract, Banta is entitled to property insurance coverage for its damage arising from Hurricane Wilma, notwithstanding Arch's failure to promptly investigate, pay and/or settle Banta's claim. The amount in controversy in this case exceeds $75,000, exclusive of interest, costs and attorneys' fees of this case, and this claim is within the jurisdiction of the Court.

17.     Banta is entitled to have removed by judicial decree, all doubts raised by Arch concerning the validity and enforceability of its Insurance Contact with Arch, the determination that is has a claim for all its damages.  There is a bona fide, present and actual need of Banta for a declaration that the Insurance Contract is valid and enforceable, and that pursuant to the Insurance Contract, Banta holds a valid and enforceable right to property insurance coverage for its claim.

18.     Banta has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, Banta, requests the Court enter a declaratory judgment that the Insurance Contract between Banta and Defendant, Arch, is valid and enforceable, that pursuant to the terms and conditions of the Insurance Contract, Banta holds a valid and enforceable right to property insurance coverage for damages arising from Hurricane Wilma, that Banta has a claim for all its damages, taxable costs, attorneys' fees and any other and further relief the Court deems just, equitable and proper, including supplemental relief, and demands a trial by jury on all issues so triable.

### Count II - Breach of Contract
(Failure to Provide Coverage)

19.     This is an action by Banta against Arch for damages for breach of the Insurance Contract, which exceeds $75,000 exclusive of interest, costs, and attorney's fees.

20. Banta re-alleges and re-avers the allegations contained in paragraphs 1 through 14, inclusive with the same force and effect as if fully rewritten herein.

21. On or about December of 2004, Arch offered to provide property insurance coverage to Banta for the year January 1, 2005 through January 1, 2006 in exchange for a premium of $32,500. This Insurance Contract was procured by Banta and Banta paid the aforementioned premium to Arch for its insurable interests in the properties set forth above.

22. The Insurance Contract set forth the rights and obligations of Arch to Banta with respect to its claim, including the following pertinent terms and conditions:

> Insuring Clause:
>
> [Arch] agrees to indemnify [Banta] in respect of direct physical loss or damage to the property described in the schedule while located or contained as described in the schedule, occurring during the period stated in the schedule and caused by any of such perils as are set forth in item 3 of the schedule, and which are also covered by and defined in the policy/ies specified in the schedule and issued by the "Primary Insurer(s)" stated therein.

See Composite Exhibit "A."

23. Pursuant to the terms and conditions of the Insurance Contract, Banta has a right to property coverage for loss or damages caused by Hurricane Wilma.

24. On or about October of 2005 through the present, Arch materially breached the Insurance Contract when it failed to pay for the losses or damages

to the insured property, which was caused by Hurricane Wilma, and otherwise failed to provide coverage for Banta's claim.

25. As a direct and proximate result of Banta's material breach of the Insurance Contract, Banta has suffered general compensatory damages. Banta also suffered special damages, including, but not limited to, the expenses of procuring and paying for loans and/or lines of credit so that Banta could make repairs and/or rebuild its property.

26. Banta has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, Banta, demands a general compensatory damages and special damages for breach of contract from Defendant, Arch, together with interest, attorney's fees under Section 627.428, Florida Statutes, and costs, and other such relief as this Court deems just, equitable and proper and demands trial by jury on all issues so triable.

Dated:  August 17, 2010

> Respectfully submitted,
>
> /s/ Gregory C. Ward
> Gregory C. Ward, P.A.
> Fla. Bar No. 0185949
> gward@wardkim.com
> Brian Lerner
> Fla. Bar No. 0177202
> blerner@wardkim.com
> Ward Kim Vaughan & Lerner LLP
> One Financial Plaza, Suite 2600
> Fort Lauderdale, FL  33394
> Telephone:   (954) 527-1115
> Facsimile:    (954) 527-1116
> Attorney for Plaintiff