UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-61485-CIV-DIMITROULEAS

BANTA PROPERTIES, INC.,

Plaintiff,

v.

ARCH SPECIALTY
INSURANCE COMPANY,

Defendant.
_______________________________/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S**
**EXPERT WITNESSES TREY QUELETTE AND RANDY ISON**

Pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c)(1), Plaintiff Banta Properties, Inc. ("Banta"), moves to strike Trey Quelette and Randy Ison from serving as expert witnesses on behalf of Defendant Arch Specialty Insurance Company ("Arch"). These individuals were listed as "expert witnesses" on Arch's expert disclosure. But in violation of Fed. R. Civ. P. 26(a)(2)(B), the parties' stipulations, and the Court's orders, Arch did not provide expert reports for these individuals, which had to be served by 3:00 p.m. on July 5, 2011, following over three months of extensions of the expert witness deadline. In support of this motion, Banta states as follows.

**BACKGROUND**

1. In accordance with the Federal Rules of Civil Procedure, the local rules and the Court's Order Requiring Counsel to Meet, File Joint Scheduling Report and Joint Discovery Report [D.E. #4], the parties prepared and filed a Joint Scheduling Report laying out their proposed deadlines for conducting discovery and other pretrial matters. [D.E. #10] As part of

the Joint Scheduling Report, the parties agreed that they would serve expert witness summaries and reports by March 25, 2011. [D.E. #10 at Exh. A]

2. On October 28, 2010, the Court entered its Order Setting Trial Date & Discovery Deadlines. [D.E. #12] The Court's order provided that "[p]retrial discovery shall be conducted in accordance with Local Rules 16.1 and 26.1 and the Federal Rules of Civil Procedure." [D.E. #12 at 2] The Court's order further provided that "[d]ates and other agreements between the parties not otherwise addressed herein shall be considered part of this Order." *Id.*

3. On March 23, 2011, the parties filed a Joint Motion for Enlargement of Pretrial Deadlines and Continuation of Trial Date. [D.E. #22] In that motion, the parties requested a 180-day enlargement of time of all deadlines, including the deadline to exchange expert witness summaries and reports. [D.E. #22 at 3] The Court, however, denied the motion. [D.E. #23]

4. On March 25, 2011, the parties filed a Joint Motion for Enlargement of Time to File Their Expert Witness Summaries and Reports. [D.E. #24] The parties requested a thirty-day enlargement of time, moving the stipulated/Court-ordered deadline from March 25, 2011, to April 25, 2011. [D.E. #24 at 1] The Court granted the motion and provided thirty days for the parties to "serve their respective expert witness summaries and reports . . . ." [D.E. #25]

5. On April 20, 2011, Banta filed a Motion for Enlargement of Pretrial Deadlines and Continuation of Trial Date, seeking to extend case deadlines by ninety days. [D.E. #27] This included extending the deadline to exchange expert witness summaries and reports. [D.E. #27 at 3] Arch filed a response, representing that it did not oppose the motion. [D.E. #29] The Court granted the motion in part—extending the deadlines by sixty days instead of the requested ninety days. [D.E. #30] As the Court stated in its original order addressing case deadlines [D.E. #12], the Court ruled that "[d]ates and other agreements between the parties not otherwise

addressed herein that were included in the parties' Joint Scheduling Report [D.E. #10] or previously extended by the Court [D.E. #25] are likewise enlarged by sixty (60) days and shall be considered part of this Order." [D.E. #30 at 2 n.1]

6. Finally, on June 27, 2011, Arch filed an opposed Motion for Enlargement of Time to File Expert Witness Disclosure. [D.E. #31] Arch sought an enlargement of ten days, although Banta already had served its expert reports in compliance with the deadline. The Court granted the motion in part and ordered the following: "**The Defendant shall fax its expert summaries *and reports* to Plaintiff's counsel no later than 3:00 p.m. July 5, 2011.**" [D.E. #33 at 2] (emphasis added).

7. On July 5, 2011, at 2:15 pm, Banta received by facsimile Arch's Expert Disclosure. *See* Exhibit 1. Arch identified three experts: (1) Anthony Cinnamon; (2) Trey Quelette; and (3) Randy Ison. *See id.* With this expert disclosure, however, Arch attached only one "preliminary report." *See id.* at Exh. A.[1/] Arch's Expert Disclosure provided that the report was being served on behalf of Mr. Cinnamon. *See id.* at 1.

8. Arch did not represent that this preliminary report was being served or otherwise attributed to Messrs. Quelette and Ison. Rather, all that Arch disclosed for Messrs. Quelette and Ison were their resumes. *See id.* at 2. Without any report, Arch intends to have Messrs. Quelette and Ison opine about the "condition of the damages and the costs to repair any damages to the property as a result of Hurricane Wilma." *Id.* In other words, these purported experts will opine about what was or was not the condition of the properties in question, without providing a report

1/ Although Arch has benefited from three extensions of the expert witness deadline and sought the last of the three extensions because of the need for more time, the only report provided was a "preliminary report" written nearly three years ago (August 2008). And the disclosures provided for the other two purported experts constitute nothing more than three nearly identical sentences.

to explain the methods they used to determine the conditions of the properties and, on the most basic and fundamental level, without even a written conclusion of what the conditions of the properties were. In addition, these purported experts will opine as to the estimated costs to repair any damages, without providing a report to explain what damages to the property they concede were caused by Hurricane Wilma and what the estimates are to repair those damages.

9. Because the rules, this Court's orders, and the parties' stipulations mandate the issuance of expert reports, and because Arch has failed to provide expert reports for Messrs. Quelette and Ison (despite three extensions totaling ninety-eight days), these experts must be stricken.

## MEMORANDUM OF LAW

### I. Rule 26, The Court's Orders, And The Parties' Stipulations Required Arch To Serve An Expert Report

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides:

> (2) *Disclosure of Expert Testimony*
> . . .
> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony . . . .

The rule is that expert reports "must" be provided by a party with any disclosure. The only times an expert report need not be prepared and served are when (1) there is a court order or stipulation, *see* Fed. R. Civ. P. 26(a)(2)(B), or (2) the individual falls within the realm of the newly added Fed. R. Civ. P. 26(a)(2)(C). Neither exception applies.

*First*, with respect to Fed. R. Civ. P. 26(a)(2)(C), this addition was made in 2010 to deal with the scenario when a fact witness to events in a lawsuit should offer testimony that implicates matters that require scientific, technical, or other specialized knowledge. Indeed, the

2010 Committee Notes to Rule 26 highlight how this addition was intended to address the frequent scenarios involving testimony from treating physicians and employees to a party to the lawsuit.

Neither Mr. Quelette nor Mr. Ison is akin to a treating physician. Messrs. Quelette and Ison would only be akin to a treating physician if, for example, they had repaired the actual damage to the properties in question (in much the same way a treating physician would have attended the health needs of the person claiming damages). Moreover, consistent with their not being fact witnesses, neither of these individuals were identified in Arch's (1) Initial Disclosures, (2) Unverified Responses to Plaintiff's First Set of Interrogatories, (3) Unverified Amended Responses to Plaintiff's First Set of Interrogatories, and (4) Verified Responses to Plaintiff's First Set of Interrogatories, which required Arch to identify all witnesses or otherwise all individuals who would have any factual information pertaining to the pleadings.

Mr. Quelette and Mr. Ison also are not employees of Arch. As Arch's disclosure makes clear, Mr. Quelette is a "licensed construction consultant" and Mr. Ison is a "licensed consultant" from a company called J.S. Held, Incorporated. That company and these individuals routinely provide litigation and dispute resolution. *See* Exhibit 1 at Exh. C and D; *see also* Exhibit 2 (http://www.jsheld.com/jsh_services_2.html). Contrary to the intent explained in the 2010 Committee Notes (explaining that the rule was added to deal with those individuals who "*do not* regularly provide expert testimony") (emphasis added), these individuals are paid consultants who regularly provide expert testimony.

When an individual is regularly employed to provide expert testimony, the 1993 Committee Notes to Rule 26 makes clear that these paid consultants must provide a report:

> Paragraph (2)(B) requires that ***persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party***

> ***regularly involve the giving of expert testimony, must prepare a detailed and complete written report***, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor . . . . Revised Rule 37(c)(1) and revised Rule 702 of the Federal Rules of Evidence provide an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed. (Emphasis added).

Accordingly, Fed. R. Civ. P. 26(a)(2)(C) does not apply to Arch's two expert witnesses, and their expert reports should have been submitted.

*Second*, even if Banta is somehow wrong with respect to Fed. R. Civ. P. 26(a)(2)(C), or Arch, as it now contends, is somehow exempt from this requirement of providing reports, the parties have stipulated time-and-time again that reports were required by expert witnesses. [D.E. #10 at Exh. A; D.E. #22 at 3; D.E. #24; D.E. #27; D.E. #29][2/] Moreover, the Court's orders repeatedly incorporated this stipulation or expressly stated that reports were to be served. [D.E. #12 at 2; D.E. #25; D.E. #30 at 2 n.1; D.E. #33 at 2] As such, Fed. R. Civ. P. 26(a)(2)(C) does not apply because there are stipulations and Court orders requiring a report.

---

2/ On the morning of July 5, 2011, Arch's attorney Lauren Levy spoke by telephone with Banta's attorney Brian Lerner. The purpose of the call was to determine whether Banta would agree to extend the expert deadline and all other deadlines. During this telephone call, Ms. Levy stated that Arch needed the extension of the expert deadline because Arch would not have *expert reports* ready by the Court's 3:00 p.m. deadline that day, and in fact Arch may need several weeks to get the reports prepared and served. Ms. Levy did not state during that telephone call that some or all of the experts were exempt from having to provide a report under the rules. Rather, the first time this argument came up was the next day. Approximately one hour after receiving Arch's Expert Disclosure on July 5, 2011, Mr. Lerner contacted Ms. Levy by e-mail to inquire as to the status of the expert reports for Messrs. Quelette and Ison since none were received. Mr. Lerner followed up the next morning on July 6, 2011, because he did not receive a response to his prior e-mail. Only then, on July 6 and after receiving Mr. Lerner's second e-mail on the status of the expert report, did Ms. Levy state for the first time, "in reading the rule I don't think that the other folks require a report."

Accordingly, because these witnesses are required by the rules, the Court's orders, and the parties' stipulations to provide expert reports, Arch's failure to serve any expert reports must result in these purported expert witnesses being stricken. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

## II. Arch's Expert Disclosure Does Not Satisfy The Requirements For A Report Under Rule 26

To the extent that Arch may claim that the Expert Disclosure is sufficient, that argument must be rejected. The disclosure made by Arch for these purported experts constituting just one sentence—"condition of the damages and the costs to repair any damages to the property as a result of Hurricane Wilma"—does not satisfy the requirements for an expert report. Again, the 1993 Committee Notes to Rule 26 are instructive:

> The report is to disclose the data and other information considered by the expert and any exhibits or charts and summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.
>
> * * *
>
> Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

There is nothing in Arch's disclosure that identifies what was or was not the "condition of the damages," what methods were used to determine the "condition of the damages," and what data and other information was considered by these purported experts to support their opinions as to the "condition of the damages." Further, there is nothing in Arch's disclosure that identifies what damages to the property were indeed caused by Hurricane Wilma that require "costs to

repair any damages," what methods were used to determine any "costs to repair any damages," and what data and other information was considered by the purported experts to support their opinions as to the "costs to repair any damages." Finally, the disclosure is not signed by either expert.

Accordingly, because Arch failed to provide a report in compliance with Fed. R. Civ. P. 26(a)(2)(B), and because Arch cannot meet any exception to the requirement to provide such reports, Trey Quelette and Randy Ison must be stricken as expert witnesses. *See* Fed. R. Civ. P. 37(c)(1).[3]

## CONCLUSION

For these reasons, Banta respectfully requests that this Court strike Trey Quelette and Randy Ison from serving as expert witnesses on behalf of Arch. In compliance with the Court's order [D.E. #12], a proposed order is attached at Exhibit 3.

Dated: July 7, 2011

Respectfully submitted,

s/Brian L. Lerner

Gregory C. Ward, P.A. (Fla. Bar No. 185949)
gward@wardkim.com
Brian L. Lerner, P.A. (Fla. Bar No. 177202)
blerner@wardkim.com

Ward Kim Vaughan & Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL 33394
Telephone: (954) 527-1115
Facsimile: (954) 527-1116
*Attorneys for Plaintiff*

---

3/ Even if somehow these purported experts were not required to provide a report, Arch still had to comply with Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). The one-line statement offered for each expert in Arch's Expert Disclosure fails to comply with the rule. Accordingly, on this independent and alternative ground, these purported expert witnesses must be stricken. *See* Fed. R. Civ. P. 37(c)(1).

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

s/Brian L. Lerner

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

s/Brian L. Lerner

**SERVICE LIST**

Gregory C. Ward
gward@wardkim.com
Brian L. Lerner
blerner@wardkim.com
Ward Kim Vaughan & Lerner LLP
One Financial Plaza
100 SE Third Avenue, Suite 2001
Fort Lauderdale, Florida 33394
Telephone: (954) 527-1115
Facsimile: (954) 527-1116
*Attorneys for Plaintiff*

Via Transmission of Notices of Electronic Filing Generated by CM/ECF

Lauren D. Levy
llevy@butlerpappas.com
Butler Pappas Weihmuller Katz Craig LLP
80 SW 8th Street
Suite 3300
Miami, Florida 33130
Telephone: (305) 416-9998
Facsimile: (305) 416-6848
*Attorneys for Defendant*

Via Transmission of Notices of Electronic Filing Generated by CM/ECF